Zachary M. Schwartz, Esq. (SBN 286498)
Kiran S. Idrees, Esq. (SBN 349485)
Koeller, Nebeker, Carlson & Haluck, LLP
3 Park Plaza, Suite 1500
Irvine, CA 92614-8558
949-864-3400; fax: 949-864-9000
Email: *zachary.schwartz@knchlaw.com*
*kiran.idrees@knchlaw.com*

Attorneys for Defendants,
COUNTY OF ORANGE, PAULINA
VELASQUEZ, ANDY NGUYEN, FRANCINA
ANDERSON, ELIZABETH MOUA, BRITTANY
CHAMBLESS. NORMA AVILA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY CORNELIA SCHMITT, an individual,<br><br>          Plaintiff,<br><br>v.<br><br>ORANGE COUNTY CALIFORNIA, a County Government, and MICHELLE TOLOSA, an individual; PAULINA VELASQUEZ, an individual; ANDY NGUYEN, an individual; FRANCINA ANDERSON, an individual; CHAU DO-AZNAUR, an individual; MARY DO-AZNAUR, an individual; ELIZABETH MOUA, an individual; BRITTNEY CHAMBLESS, an individual; NORMA AVILA, an individual; and DOES 1 through 20 inclusive,<br><br>          Defendants. | Case No.: 8:23-cv-01321-JFW (DTB)<br>Assigned to: Hon. John F. Walter<br>Crt. Rm: 7A<br>Magistrate: David T. Bristow<br>Crt. Rm: 4<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>DATE:          March 14, 2024<br>TIME:          10:00 AM<br>CRT RM:     4<br><br>Action Date:      7/21/23<br>Trial Date:        N/A |

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................ 6

II.   BACKGROUND ................................................................................ 6

      A.    Factual Background .............................................................. 6

1                                                          8:23-cv-01321-JFW (DTB)

B.    Procedural Background..................................................................... 9

III.    LEGAL STANDARD FOR MOTION TO DISMISS.................................. 10

IV.    ARGUMENTS ........................................................................................ 11

A.    Plaintiff's claims are barred by the statute of limitations.................. 11

1. First and second claims against County are time barred ............... 11

2. Third and fourth claims against Defendants Tolosa and
Velasquez are time barred ......................................................... 11

3. The fifth and eighth claims for violation of Civil Code § 51
have a one-year statute of limitations and that claim is
barred against Defendants Tolosa, Velasquez, Nguyen,
Anderson, Moua, and Avila........................................................ 12

4. The sixth and seventh claims for negligence and
misrepresentation against Defendants Tolosa, Velasquez,
Nguyen, Anderson, Chambless, Moua, and Avila are
barred by two-year statute of limitations................................... 12

B.    Schimitt's Section 1983 Claims (First through Second) Fail to
Allege Sufficient Facts Regarding a Policy, Practice, or Custom
to State a Plausible Claim Against the County Pursuant to
Monell ............................................................................................ 13

1. Liability under Monell requires facts showing the County had
a well established policy, practice or custom, that the
County was deliberately indifferent, and a causal
connection to the violation ........................................................ 13

2. Plaintiff's FAC fails to plead any facts showing a policy,
custom, or practice that was the moving force behind the
claimed violations against the County of Orange...................... 15

C.    Schmitt's Fifth Claim for Violation of California Civil Code §
51 Should be Dismissed for Failure to State a Claim......................... 17

1. The County and its social workers are not a business
establishment for purposes of California Civil Code §51
and cannot be held liable for any alleged violation.................. 17

2. Plaintiff is not a consumer for purposes of California Civil
Code § 51 and cannot be held liable for any alleged
violation. .................................................................................. 18

D.    Schmitt's Sixth Claim for Violation of California Civil Code
§ 1714(a) against  Defendants Tolosa, Velasquez, Nguyen,
Anderson, Chambless, Avila, and Moua Should be Dismissed
for Failure to State a Claim because there are entitled to State
immunity under Government Code § 820.2 and 821.6 ...................... 18

004.639:482907v1

E.    Schmitt's Seventh Claim for Misrepresentation under California Civil Code § 1572 Should be Dismissed for Failure to State a Claim Because The Claim Lacks Specificity as required by Federal Rule of Civil Procedure 9(b) ................................................ 20

F.    Schmitt's Eighth Claim for Respondeat Superior Liability under California Government Code §815.2(a) and §815.6 Should be Dismissed for Failure to State a  Claim Because a Specific Statutory Duty is Not Identified in the Claim ................................... 21

V.    CONCLUSION ......................................................... 23

## <u>TABLE OF AUTHORITIES</u>

**UNITED STATES SUPREME COURT**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....................................................... 10

*Bd. Of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397 (1997) ....................................................................................... 15

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............................ 11

*Connick v. Thompson*, 563 U.S. 51 (2011) .............................................. 15

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) ............................... 13

*Oklahoma City v. Tuttle*, 471 U.S. 808 (1985) ........................................ 14

**FEDERAL CASES**

*AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 637 (9th Cir. 2012) ......................................................................................... 16

*Bagley v. City of Sunnyvale*, 2017 WL 344998 (N.D.Cal., 2017) .......... 17

*Balisteri v. Pacifica Police Dept.*, 901 F.2d 696 (9th Cir. 1988) ............ 10

*Christie v. Iopa*, 176 F.3d 1231 (9th Cir. 1999) ...................................... 14

*Dias v. City of San Leandro*, 2011 WL 3809924 (N.D. Cal. Aug. 29, 2011) ........................................................................................ 14

*Edwards v. Marin Park, Inc.*, 356 F.3d 1058 (9th Cir. 2004) ................. 21

*Frazier v. City of Fresno*, 2023 WL 4108322 (E.D. Cal. June 21, 2023) .............. 18

*Galen v. County of Los Angeles*, 477 F.3d 652 (9th Cir.2007) ............... 13

*Gibson v. County of Washoe*, 290 F.3d 1175 (9th Cir. 2002) ................. 13

*Gillette v. Delmore*, 979 F.2d 1342 (9th Cir. 1992) ................................ 14

*Grim v. Balt. Police Dep't*, 2019 WL 5865561 (D. Md. Nov. 8, 2019) .................. 15

*Jones v. Blanas*, 393 F.3d 918 (9th Cir. 2004) ......................................... 11

*McBroom v. Payne*, 2010 WL 3942412 (S.D. Miss. Oct. 6, 2010) ........................ 14

*McDade v. West*, 223 F.3d 1135 (9th Cir. 2000) ....................................... 13

*Milligan v. City of Newport News*, 743 F.2d 227 (4th Cir.1984) .......................... 15

*Nunez v. City of Los Angeles*, 147 F.3d 867 (9th Cir. 1998) ................................ 14

*Oviatt v. Pearce*, 954 F.2d 1470 (9th Cir. 1992) ....................................... 14

*Quintanilla v. City of Downey*, 84 F.3d 353 (9th Cir. 1996) ................................ 13

*Spell v. McDaniel*,824 F.2d 1380 (4th Cir.1987) ...................................... 15

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) ......................................... 16

*Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710 (9th Cir. 1993) ......................... 11

*Trevino v. Gates*, 99 F.3d 911 (9th Cir. 1996) ........................................ 14

*Van Ort v. Estate of Stanewich*, 92 F.3d 831 (9th Cir. 1996) ............................. 13

*Whooley v. Tamalpais Union High Sch. Dist.,* 399 F. Supp. 3d 986
(N.D. Cal. 2019) ................................................................... 18

**CALIFORNIA CASES**

*Alicia T. v. County of Los Angeles*, 222 Cal.App.3d 869 (1990) ........................... 20

*B.H. v. Cty. of San Bernardino,* 62 Cal.4th 168 (2015) .................................. 19, 22

*Becerra v. County of Santa Cruz*, 68 Cal.App.4th 1450 (1998) ............................ 20

*Christina C. v. County of Orange*, 220 Cal.App.4th 1371 (2013) .......................... 19

*Gabrielle A. v. County of Orange*, 10 Cal.App.5th 1268 (2017) ........................... 20

*Gatto v. Cty. of Sonoma*, 98 Cal. App. 4th 744 (2002) .................................. 12

*Guzman v. County of Monterey*, 46 Cal.4th 887 (2009) .................................. 21, 22

*Haggis v. City of Los Angeles,* 22 Cal.4th 498 (2000) ................................... 22

*Jacqueline T. v. Alameda Cty. Child Protective Servs.*, 155
Cal.App.4th 456 (2007), as modified (Oct. 4, 2007) .................................. 19, 20

*Lazar v. Superior Court*, 12 Cal.4th 631 (1996) ....................................... 21

*Ortega v. Sacramento County Dept. of Health & Human Services*, 161
Cal.App.4th 713 (2008) ............................................................. 19

004.639:482907v1

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS FIRST AMENDED COMPLAINT

*Ronald S. v. County of San Diego*, 16 Cal.App.4th 887 (1993) .............................. 20

*Rotary Club of Duarte v. Brd. Of Directors*, 178 Cal.App.3d 1035
   (1986).................................................................................................................... 18

*State Dept. of State Hospitals v. Superior Court*, 61 Cal.4th 339 (2015) ............... 22

*Thompson v. County of Alameda*, 27 Cal.3d 741 (1980) ........................................ 20

**FEDERAL STATUTES**

42 U.S.C. § 1983 ..................................................................................................... 13

**CALIFORNIA STATUTES**

*Civil Code* § 1572 ................................................................................................... 20

Civil Code §51 ................................................................................................... 17, 22

Code of Civ. P. § 335.1 ........................................................................................... 11

Gov. Code § 815.2 ................................................................................................... 21

Gov. Code § 820.2 ................................................................................................... 19

Gov. Code § 821.6 ................................................................................................... 19

*Government Code* § 815.6 ....................................................................................... 22

**FEDERAL RULES**

Federal Rule of Civil Procedure 12(b)(6) ............................................................... 10

FRCP 9(b) ............................................................................................................... 21

004.639:482907v1

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS FIRST AMENDED COMPLAINT

## I.     INTRODUCTION

Plaintiff Ashley Cornelia Schmitt ("Schmitt") lost custody of her child on July 22 2020. (See Schmitt's First Amended Complaint (FAC) at ¶ 25.) Several of Schmitt's claims in the FAC are based upon alleged misconduct of social workers from Orange County Social Services Agency ("SSA"). However, Plaintiff didn't file this action until July 21, 2023—three (3) years after the removal. The claims are thus barred by the applicable two-year statute of limitation. These claims also lack a showing of facial plausibility due to a complete lack sufficient facts under any cognizable legal theory and therefore dismissal is required. The first four 42 U.S.C. § 1983 ("Section 1983") claims generally complain about a variety of alleged misconduct with respect to Schmitt's regular interactions with social workers employed by SSA. The Section 1983 claims generally lack facts that state any plausible claims of underlying violations, and for the County, there are insufficient allegations to state any Section 1983 claim under *Monell*. As to remaining four State law claims based upon the alleged misconduct by SSA social workers, the Defendants cannot be liable as a matter of law and have immunity, or fail for other reasons. Further, the State claims were not pled with sufficient facts. Accordingly, Defendants move to dismiss all causes of action raised in Plaintiff's FAC.

## II.    BACKGROUND

### A.     Factual Background

A "complaint" was filed with SSA on July 19, 2020 claiming Plaintif was emotional abusing and neglecting her daughter. (FAC ¶ 20.) On July 21, 2020, Defendants, Michelle Tolosa ("Tolosa") and Paulina Velasquez ("Velasquez"), social workers from the SSA, attempted entry into Schmitt's home at 944 West Almond Street, Orange, California by "bullying and intimidating" Schmitt. (FAC at ¶ 22.) Schmitt was instructed by Tolosa and Velasquez to not make "any kind of

move or take any action" without contacting them first. (*Id.* at ¶ 23.) Schmitt does not directly note a date; however, the Complaint indicates police were contacted due to domestic violence perpetrated by Schmitt's child's biological father, Mr. Trung. (Id. at ¶ 46.)

On July 22, 2020, Tolosa and Velasquez arrived at Schmitt's grandparent's home. (*Id.* at ¶ 25.) Schmitt was told by Tolosa and Velasquez her child was not able to remain at her grandparents' home. (Id..) Tolosa and Velasquez recommended Schmitt call Laura's House, a domestic violence advocacy agency and check into a shelter. (Id..) Schmitt alleges she involuntarily signed a document provided by Tolosa and Velasquez, thus removing her child from her custody. (Id. at ¶ 25–27.) The child was thereafter taken from her great grandparent's residence and was removed to Orangewood Children's Home on July 22, 2020. (Id. at ¶ 25–27.)

Schmitt complains at the time her child was removed to Orangewood Children's Home, there was no court order, imminent danger, or threat of emotional/physical harm to justify the removal, though she alleges she signed a document before removal. (Id. at ¶ 27.) Schmitt further complains Tolosa and Velaqsuez fabricated statements in SSA reports to justify her child's removal, omitting positive statements she made in conversations, fabricating Schmitt's past history of drug abuse, fabricating Schmitt's criminal record, and falsely reporting her child did not have proper food or clothing. (Id. at ¶ 28.) Further, Schmitt complains defendants lied about her drug abuse, did not perform a background check to verify their allegation of drug abuse, or investigate whether she was abusing drugs. (Id. at ¶ 29.)

Following Schmitt's child's removal to Orangewood Children's Home, child was placed with foster parents Chau Do-Aznar ("Chau"), and Mary Do-Aznar ("Mary"). (Id. at ¶ 33.) Schmitt "begged" Defendant, Social Worker Andy Nguyen

("Nguyen") not to place child in the care of Chau and Mary due to fear of sexual, physical and emotional abuse. (Id. at ¶ 33.)  Chau and Mary are a same-sex married couple. (Id. at ¶ 42.)

On a visit, Schmitt witnessed child playing with dead animals during her visit with the Chau and Mary. (Id. at ¶ 34). Following this incident, Schmitt complained to Nguyen and his supervisor, Defendant Brittney Chambless ("Supervisor Chambless"), Supervising Social Worker. (Id. at ¶ 34). Chau and Mary thereafter were instructed not to allow child to play with dead animals any longer. (Id. at ¶ 35).

Schmitt complained the foster parents were lesbians and openly depicted so in front of child by wearing a T-Shirt depicting two women about to kiss. (Id. at ¶ 36). Schmitt complains the child's foster parents fabricated Schmitt's illegal drug use in the bathroom in SSA reports, causing her visitations to thereafter be conducted at Olive Crest Visitation Center ("Olive Crest".) (Id. at ¶ 37).

At Olive Crest, during one of Schmitt's visits with her child, Schmitt learned child was being touched inappropriately. (Id. at ¶ 38). Schmitt notified Supervisor Chambles, Nguyen, and the Child Abuse Hotline. (Id. at ¶ 38). Schmitt complained Nguyen was indifferent to her situation. (Id. at ¶ 39). The following day, child was placed in a Conditional Release Intensive Supervision Program ("CRISP") with the biological father, Mr. Trung. (Id. at ¶ 38). Schmitt complains defendant County of Orange did not perform an investigation or consider assigning different foster care parents or social workers. (Id. at ¶39 ).

Schmitt complains she lost contact with child for two months due to retaliation for the sexual abuse complaint made to social worker Nguyen. (Id. at ¶ 40). Following court proceedings at an unknown date, Nguyen stated "Tigerlily will never be with you," and a reunification with child was never an option. (Id. at ¶ 41). Schmitt complained to Defendant social worker, Francina Anderson ("Anderson")

regarding her concerns of Nguyen, the sexual orientation of the foster parents, and her attempt to flee from domestic violence by contacting the police and Laura's House (shelter), which Schmitt complains, Anderson was indifferent to. (Id. at ¶ 45–46).

Schmitt was not provided overnight stays with child by Anderson. (Id. at ¶ 47). Schmitt complains of paying $900.00/month for rent for seven months of an extra room for her child which was never used. (Id. at ¶ 47). Schmitt complains she was not allowed to be in a vehicle with her child when she was picked up from school. (Id. at ¶ 48). Schmitt complaints Anderson fabricated child felt unsafe with Schmitt. (Id. at ¶ 49). Schmitt complains Manjula Ford, a Licensed Marriage and Family Therapist, contends the child felt safe with Schmitt, and wore bracelets made by Schmitt, and therefore, does not fear their parent. (Id. at ¶ 50).

Schmitt complains Defendant, Social worker Elizabeth Moua ("Moua") fabricated evidence accusing Schmitt of serious crimes. (Id. at ¶ 51). Schmitt complains of specific instance, in which Moua documented in her SSA Report a visit was cut short due to child not wanting to see Schmitt. (Id. at ¶ 51). Schmitt complains Moua lied and falsified her report, and the visit was cut short due to child's high fever and illness. (Id. at ¶ 51). Schmitt complains Defendant, Social Worker Norma Avila, consented and ratified the behavior of Social Worker Moua. (Id. at ¶ 52).

### B.     Procedural Background

Schmitt filed this action on July 21, 2023, about 3 years after the removal of her daughter. The Court screened the Complaint and issued an order on September 6, 2023 dismissing the Complaint with leave to amend. Plaintiff filed her FAC on November 20, 2023. On December 6, 2023, this Court ordered the FAC to be served "on each defendant in their individual capacity only." (ECF #12, p. 1.) The FAC names the following defendants: County of Orange (improperly named as

1   ORANGE COUNTY, CALIFORNIA), social workers Michele Tolosa, Paulina

2   Velasquez, Andy Nguyen, Francina Anderson, and Brittney Chambless, and foster

3   parents Chau Do-Aznar and Mary Do-Aznar. Schmitt contends pursuant to

4   California *Government Code* § 912.4, her government claims were denied on

5   December 8, 2021, due to County of Orange not responding. However, there is no

6   record of a government claim being filed on September 8, 2021 by Schmitt.

7   **III.   LEGAL STANDARD FOR MOTION TO DISMISS**

8        Federal Rule of Civil Procedure (FRCP) 12(b)(6) authorizes a motion to

9   dismiss a claim, or claims, where the complaint fails to state facts sufficient to

10  support a claim upon which relief may be granted. Further, a motion under Rule

11  12(b)(6) is proper where there is either a "lack of a cognizable legal theory," or the

12  "absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v.*

13  *Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

14       The present Rule 12(b)(6) standard is a two-pronged approach that was

15  announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). There, the U.S. Supreme

16  Court held that to overcome a motion to dismiss, a claim must allege "sufficient

17  factual matter, accepted as true, to 'state a claim plausible on its face.'" *Id*. at 1949.

18  "A claim has facial plausibility when the pleaded factual content allows the court to

19  draw the reasonable inference that the defendant is liable for the misconduct

20  alleged." *Id*. The plausibility standard is not akin to a "probability requirement," but

21  it does require from a plaintiff to show more than a sheer possibility that a

22  defendant has acted unlawfully. *Id*. Where the complaint pleads facts that are

23  "merely consistent with" a defendant's liability, it "stops short of the line between

24  possibility and plausibility of entitlement to relief." *Id*. (emphasis added).

25       Also, a pleading that offers "labels and conclusions" or "a formulaic

26  recitation of the elements of a cause of action" will not survive a motion to dismiss.

27  *Iqbal*, 556 U.S. at 1949; see also, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

28

555 (2007) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation' (internal quotation marks omitted.").

## IV.   ARGUMENTS

### A.   Plaintiff's claims are barred by the statute of limitations

California's statute of limitations for personal injury claims is two years. Code of Civ. P. § 335.1. Section 1983 does not contain its own statute of limitations, and therefore, the statute of limitations for Section 1983 claims is provided by applicable state law for personal injury torts. *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 711 (9th Cir. 1993). Thus, in California, Section 1983 claims are subject to the same two-year statute of limitations. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). As for any purported state-law claims against the County, those claims are subject to the California Tort Claims Act and require presentation of a government claim.

#### *1. First and second claims against County are time barred*

Here, Plaintiff complains of the removal of her daughter on July 22, 2020. (FAC ¶ 25.) She contends that the investigation of child abuse and removal of her daughter without a court order, warrant, or exigent circumstances violated her parental rights and due process. (FAC ¶ 58, 60, 66.) However, Plaintiff did not file this action until July 21, 2023, which is three (3) years after the child abuse investigation and removal of her daughter. Therefore, Plaintiff's first and second claims against the County for constitutional violations for removing Plaintiff's daughter are time barred and should be dismissed.

#### *2. Third and fourth claims against Defendants Tolosa and Velasquez are time barred*

Similarly, the third claim and fourth claim allege that Defendants Tolosa and Velasquez removed Plaintiff's daughter without exigent circumstances of prior

judicial approval. (FAC ¶ 72, 73, 81, 82.) The removal was on July 22, 2020, and Plaintiff waited three (3) years to file this action. Therefore, the third and fourth claims are time barred and must be dismissed.

> *3. The fifth and eighth claims for violation of Civil Code § 51 have a one-year statute of limitations and that claim is barred against Defendants Tolosa, Velasquez, Nguyen, Anderson, Moua, and Avila*

The Unruh Act does not contain its own statute of limitations. See *Gatto v. Cty. of Sonoma*, 98 Cal. App. 4th 744, 753 (2002). California courts have held Unruh Act claims are subject to a one-year statute of limitations. *Gatto*, 98 Cal. App. 4th at 760. As discussed, Plaintiff's daughter was removed on July of 2020, and this action was filed in July 2023, three years later. Any state civil rights claims brought pursuant to the Unruh Act regarding removal would thus be barred. *Gatto*, 98 Cal. App. 4th at 753. To the extent the Unruh claim is based on other conduct, any such conduct occurring before July 21, 2022 is also time barred by the applicable one-year statute of limitations. However, Plaintiff's FAC fails to allege when particular claimed misconduct occurred after the removal of her daughter.

> *4. The sixth and seventh claims for negligence and misrepresentation against Defendants Tolosa, Velasquez, Nguyen, Anderson, Chambless, Moua, and Avila are barred by two-year statute of limitations*

Plaintiff claims negligence and misrepresentation regarding the removal of her daughter on July 22, 2020 and subsequent detention and foster placement. However, Plaintiff did not file this action until July 21, 2023. Therefore any conduct upon which plaintiff claims was negligent or a misrepresentation occurring before July 21, 2021 is time barred. However, Plainitff's FAC fails to allege when particular claimed misconduct occurred after the removal of her daughter.

/ / /

/ / /

/ / /

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

**B.**     **Schimitt's Section 1983 Claims (First through Second) Fail to Allege Sufficient Facts Regarding a Policy, Practice, or Custom to State a Plausible Claim Against the County Pursuant to Monell**

> *1. Liability under Monell requires facts showing the County had a well established policy, practice or custom, that the County was deliberately indifferent, and a causal connection to the violation*

Government entity liability under § 1983 requires a policy, practice, or custom that is the moving force behind the violation. A government entity is liable in a 42 U.S.C. § 1983 action only if the plaintiff can establish that the municipality or county sued "had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he suffered." *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir.2007) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694–95 (1978)). In *Monell*, the Supreme Court specifically rejected governmental liability based on the doctrine of respondeat superior, or vicarious liability. *Monell*, 436 U.S. at 691–94. Therefore, a local government cannot be held liable under § 1983 merely because one or more of its employees violated a person's rights. *Id*. The County may not be held liable under § 1983 unless Plaintiff suffered a constitutional deprivation at the hands of a County employee and the County had a policy, custom, or practice that posed a substantial risk and the County knew that it posed this risk, or that the County had policies or customs that amount to deliberate indifference. *Gibson v. County of Washoe*, 290 F.3d 1175, 1193–94 (9th Cir. 2002); *Quintanilla v. City of Downey*, 84 F.3d 353, 355 (9th Cir. 1996); see also, *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000).

Accordingly, the Ninth Circuit has set forth the following test for *Monell* liability, requiring a plaintiff to establish: (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy "amounts to deliberate indifference" to the plaintiff's constitutional right; and (4) that the policy is the "moving force behind the constitutional violation." See, *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996) (quoting *Oviatt v.*

*Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)); see, e.g., *Gillette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir. 1992) (holding that to establish a custom, a plaintiff must prove the existence of a practice that is so permanent and well settled as to constitute a custom or usage with the force of law); and *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999), citing *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("liability for improper custom may not be predicated on isolated or sporadic incidents; it must be found upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.") The failure to establish a causal connection between a plaintiff's injury and the alleged unconstitutional policy, practice, or custom defeats a plaintiff's *Monell* claim. See, *Nunez v. City of Los Angeles*, 147 F.3d 867, 874 n. 10 (9th Cir. 1998). The term "moving force" in a Section 1983 claim refers to the necessity of a causal link between a municipality's policy or custom and the constitutional violation that has taken place. This implies that the policy or custom of the municipality must be the primary factor or driving force behind the constitutional violation. *McBroom v. Payne*, 2010 WL 3942412, at *1 (S.D. Miss. Oct. 6, 2010); *Dias v. City of San Leandro*, 2011 WL 3809924, at *1 (N.D. Cal. Aug. 29, 2011).

"Deliberate indifference" under Section 1983 is a stringent standard of fault that necessitates proof that a municipal actor disregarded a known or obvious consequence of their action. With respect to claimed failure to train, a municipality's culpability for depravation of rights is at its most tenuous where a claim turns on a failure to train. See *Oklahoma City v. Tuttle*, 471 U.S. 808, 822–23 (1985) (plurality opinion) ("[A] 'policy' of 'inadequate training'" is "far more nebulous, and a good deal further removed from the constitutional violation, than was the policy in *Monell*."). "Deliberate indifference in this context requires proof that [County] policymakers disregarded the 'known or obvious consequence' that a particular omission in their training program would cause [County] employees to

violate citizens' constitutional rights." *Connick v. Thompson*, 563 U.S. 51, 52 (2011) (quoting *Bd. Of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 407 (1997)). Accordingly, "[a] pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Id*. at 52 (internal quotations omitted). "A showing of simple or heightened negligence will not suffice." *Brown*, 520 U.S. at 407.

The plaintiff needs to prove a persistent and widespread practice. A plaintiff cannot rely upon scattershot accusations of unrelated constitutional violations to prove either that a municipality was indifferent to the risk of her specific injury or that it was the moving force behind her deprivation. Instead, a "plaintiff must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision." *Brown*, 520 U.S. at 411 (emphasis added); *see also City of Canton*, 489 U.S. at 391 ("[T]he identified deficiency ...must be closely related to the ultimate injury."); *Spell v. McDaniel*,824 F.2d 1380, 1389–91 (4th Cir.1987); *Milligan v. City of Newport News*, 743 F.2d 227, 230 (4th Cir.1984). Thus, municipal liability will attach only for those policies or customs having a "specific deficiency or deficiencies ... such as to make the specific violation almost bound to happen, sooner or later, rather than merely likely to happen in the long run." *Spell*, 824 F.2d at 1390 (internal quotation marks omitted) (emphasis added).

The challenged policy or custom cannot merely be the abstract one of violating citizens' constitutional rights. A plaintiff must do more than offer "bald assertions that [officers] were not properly trained." *Grim v. Balt. Police Dep't*, 2019 WL 5865561, at *18 (D. Md. Nov. 8, 2019).

> *2. Plaintiff's FAC fails to plead any facts showing a policy, custom, or practice that was the moving force behind the claimed violations against the County of Orange*

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

The Ninth Circuit has made clear that claims of Monell liability must comply with the pleading requirements and principles set forth in the Supreme Court's Twombly and Iqbal decisions. *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012). Thus, a plaintiff must plead sufficient factual allegations, taken as true, that "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subject to the expense of discovery and continued litigation." Id. (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

Here, the FAC complains of five sporadic incidents, in which Plaintiff pleads the social workers for the SSA had patterns related to plaintiff's risk of her specific injury. Plaintiff complains Defendants were not properly trained due to an array of reasons ranging from not considering alternate shelter for her child, failing to obtain court order before removal of child in exigent circumstances, failing to include favorable information in reports and restricting her access to her child, etc. However, the FAC is completely devoid of any alleged inadequate policy that is causally connected to Plaintiff. Plaintiff must allege a persistent and widespread practice, demonstrating a systematic failure, and therefore, must demonstrate a specific inadequacy in the municipalities training policy or procedure. Instead, Plaintiff only pleads facts and conduct related to her specific injury where she had unsatisfactory sporadic interactions with seven social workers from SSA over time. Plaintiff complains of inadequate training but fails to allege any specific inadequacies or specific failures in the Structured Decision Making System Policies and Procedures Manual ("CDSS Manual") the California Department of Social Services ("CDSS") established. Plaintiff only contends indifference from the emotional reactions of agents working for the SSA, or indifference to her preference of choices that have been made by agents of the SSA and therefore, has not established a sufficient causal connection between the CDSS Manual and the

alleged constitutional violation, which plaintiff has not specifically established either.

Critically, Plaintiff's FAC seems to allege that the County did in fact have appropriate policies in place, but complains that individual social workers failed to follow those policies. (FAC ¶ 19, 56, 65.)

Plaintiff fails to identify the specific inadequacies in any training policy or procedure and therefore there are no facts that were pled in which the policies and procedures established by SSA proximately caused deliberate indifference to her rights. Therefore, Plaintiff fails to allege custom or practice founded upon sufficient duration, frequency, and consistency that the conduct has become a traditional method of carrying out policy. See *Bagley v. City of Sunnyvale*, 2017 WL 344998, at \*15–16 (N.D.Cal., 2017).

The  Plaintiff has not alleged specific deficiently or inadequacy in any policy or procedure in and of itself in her entire FAC.  A causal connection has not been demonstrated whatsoever between the municipalities custom or policy and the constitutional violation alleged. And Plaintiff has not alleged facts demonstrating the requiste culpability of the County—and deliberate indifference by a policy maker, which would require knowledge of a substantial risk of violations or past frequent similar violations. Therefore, Plaintiff's first and second claims fail to state a §1983 claim against the County of Orange, and should be dismissed against the County.

**C.** **Schmitt's Fifth Claim for Violation of California Civil Code § 51 Should be Dismissed for Failure to State a Claim**

*1. The County and its social workers are not a business establishment for purposes of California Civil Code §51 and cannot be held liable for any alleged violation*

The Unruh Civil Rights Act is an expansive 1959 California law that prohibits any business in California from engaging in unlawful discrimination against all persons (consumers) within California's jurisdiction. Its broad mandate

covers various grounds including sex, race, disability, and several other criteria. The Act's unique feature is its wide reach, covering all California businesses, including public accommodations, housing, and retail establishments. Whether a defendant is a "business establishment" is decided as an issue of law. *Rotary Club of Duarte v. Brd. Of Directors*, 178 Cal.App.3d 1035, 1050 (1986).

Here, the SSA is not a business establishment as the nature of the municipality is governmental in nature with supervisory functions, and not commercial. Similarly, individual social workers are not business establishments.

*2. Plaintiff is not a consumer for purposes of California Civil Code § 51 and cannot be held liable for any alleged violation.*

The California *Civil Code* § 51, often referred to as the Unruh Act, does not explicitly define who is a "consumer." However, the Act is designed to protect all individuals from discrimination by "business establishments." *Frazier v. City of Fresno*, 2023 WL 4108322, at *1 (E.D. Cal. June 21, 2023); *Whooley v. Tamalpais Union High Sch. Dist.,* 399 F. Supp. 3d 986 (N.D. Cal. 2019). There is no specific definition or criteria listed as to who would be recognized as a consumer under Civil Code § 51.

Here, plaintiff's relationship is not entrepreneurial or business related to the County of Orange or SSA. Therefore, plaintiff is not a consumer, and § 51 is inapplicable.

**D.    Schmitt's Sixth Claim for Violation of California Civil Code § 1714(a) against Defendants Tolosa, Velasquez, Nguyen, Anderson, Chambless, Avila, and Moua Should be Dismissed for Failure to State a Claim because there are entitled to State immunity under Government Code § 820.2 and 821.6**

Plaintiff's sixth claim fails to allege any particular facts or explain how each of the defendants were negligent or breached any duty. But in general, she complains about these social workers' decisions regarding the removal, detention, and placement of Plaintiff's daughter in foster care. However, all of these decisions

are subject to well established immunity under *Government Code* § 820.2[1] and

821.6[2]. See, *Jacqueline T. v. Alameda Cty. Child Protective Servs.*, 155 Cal.App.4th

456, 468 (2007), as modified (Oct. 4, 2007).

In *Jacqueline T.*, the court held that the county's social workers were entitled

to absolute immunity for any alleged negligence in its investigation of child abuse.

The court in *Jacqueline T.* held that both the county and employees were immune

from liability under both *Government Code* §§ 820.2 and 821.6, finding that the

investigation of allegations of child abuse and the decision of what action, if any,

should be taken are uniquely governmental functions subject to immunity. *Id*. at

463–64. The court stated:

> "A decision to remove a child from his/her home or not to do so and the investigation that informs that decision involve precisely the kinds of sensitive policy decisions that require judicial abstention to avoid affecting a coordinate governmental entity's decisionmaking or planning process." (Internal quotes omitted). (*Id*. at 464.)

The court concluded that defendants were absolutely immune for the alleged

failure to conduct a reasonable and diligent investigation and for their conclusion

that the reports did not warrant initiation of dependency proceedings. *Id.* at 468. As

noted by the California Supreme Court, "[t]he Courts of Appeal have held that the

decisions of child welfare agency employees—regarding determinations of child

abuse, the potential risk to a child, placement of a child, removal of a child, and

other resultant actions—are subjective discretionary ones that are incidental to the

employees' investigations." See, *B.H. v. Cty. of San Bernardino,* 62 Cal.4th 168,

191–92 (2015) [citing *Christina C. v. County of Orange*, 220 Cal.App.4th 1371,

1381 (2013); *Ortega v. Sacramento County Dept. of Health & Human Services*, 161

Cal.App.4th 713, 727–728 (2008); *Jacqueline T.*, 155 Cal.App.4th at 468; *Alicia T.*

---

[1] Gov. Code § 820.2: "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."

[2] Gov. Code § 821.6: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."

1  *v. County of Los Angeles*, 222 Cal.App.3d 869, 882–883 (1990)].

2      Similarly, Courts have consistently held "the determination to place a child in

3  a particular foster home is . . . immune from liability pursuant to Government Code

4  § 820.2." *Becerra v. County of Santa Cruz*, 68 Cal.App.4th 1450, 1462 (1998);

5  *Thompson v. County of Alameda*, 27 Cal.3d 741, 748–49 (1980); *Ronald S. v.*

6  *County of San Diego*, 16 Cal.App.4th 887, 899 (1993); *Alicia T.*, 222 Cal.App.3d.

7  at 882–83; *Jacqueline T.*, 155 Cal.App.4th at 466–67. Specifically, the courts have

8  set forth that the "selection of custodians" for children in foster care requires

9  "comparisons, choices, judgments, and evaluations, [which] comprises the very

10  essence of the exercise of 'discretion' and such decisions are immunized under

11  section 820.2." *Thompson*, 27 Cal.3d at 741; see also, *Ronald S.*, 16 Cal.App.4th at

12  898. Moreover, "[a] county social worker is immune from liability for negligent

13  supervision of a foster child unless the social worker fails to provide specific

14  services mandated by statute or regulation." *Terrell R.*, *supra*, 102 Cal.App.4th at

15  644. Ultimately, "[t]he law does not grant immunity to social workers because it

16  believes they are perfect, or should never be questioned or called to account for

17  their actions. The law grants them immunity because otherwise they would simply

18  not be able to do their jobs." *Gabrielle A. v. County of Orange*, 10 Cal.App.5th

19  1268, 1287 (2017).

20      Therefore, Plaintiff's negligence claim against the individual defendants is

21  barred by well established immunity and should be dismissed.

22  **E.    Schmitt's Seventh Claim for Misrepresentation under California**
**Civil Code § 1572 Should be Dismissed for Failure to State a**

23  **Claim Because The Claim Lacks Specificity as required by Federal**
**Rule of Civil Procedure 9(b)**

24

25      Plaintiff alleges that Defendants Tolosa, Velasquez, Nguyen, Anderson,

26  Chambless, Moua and Avila intentionally made numerous verbal and written

27  misrepresentations (lies/deceit) recklessly and without concern for their veracity

28  (truthfulness). Plaintiff relies on *Civil Code* § 1572, which relates to "actual fraud."

"In California, fraud must be pled specifically; general and conclusory allegations do not suffice." *Lazar v. Superior Court*, 12 Cal.4th 631, 645 (1996). Similarly, FRCP 9(b) requires a plaintiff alleging fraud to "state with particularity the circumstances constituting fraud or mistake." To satisfy Rule 9(b) a complaint for fraud must " 'state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.' " *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004).

Here, Plaintiff's seventh claim fails to plead specifically any facts as to each of the individual defendants demonstrating fraud. Plaintiff contends that she reasonably relied on these misrepresentations but does not explain or describe which defendant made which misrepresentation or how she relied on each alleged misrepresentation. This claim is improperly alleged in a general and conclusory with alleging the who, what, when, and where of the alleged fraud or misrepresentations. Therefore, this seventh claim is defective and must be dismissed against the individual defendants.

**F.   Schmitt's Eighth Claim for Respondeat Superior Liability under California Government Code §815.2(a) and §815.6 Should be Dismissed for Failure to State a   Claim Because a Specific Statutory Duty is Not Identified in the Claim**

A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative. Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability. Cal. Gov. Code § 815.2. As discussed above, the social worker defendants have immunity and the County is entitled to the same immunity. Cal. Gov. Code § 815. In *Guzman v. County of Monterey*, 46 Cal.4th 887 (2009), (*Guzman*), the California

Supreme Court explained that *Government Code* § 815.6 has three elements that must be satisfied to impose direct liability against a public entity: (1) a mandatory duty was imposed on the public entity by an enactment; (2) the enactment was designed to protect against the particular kind of the injury allegedly suffered; and (3) the breach of the mandatory statutory duty proximately caused the injury. (*Id*. at 898.)

The first element of liability under *Government Code* § 815.6 requires that the enactment at issue be obligatory, rather than merely discretionary or permissive, in its directions to the public entity; it must require, rather than merely authorize or permit, that a particular action be taken or not taken. Courts have construed this first prong rather strictly, finding a mandatory duty only if the enactment affirmatively imposes the duty and provides implementing guidelines. *B.H.*, 62 Cal.4th at 181; see also, *Haggis v. City of Los Angeles,* 22 Cal.4th 490, 498 (2000) ["It is not enough, moreover, that the public entity or officer have been under an obligation to perform a function if the function itself involves the exercise of discretion."]. Moreover, the California Supreme Court holds that the use of the term "shall" in an enactment does not necessarily create a mandatory duty. *Guzman*, 46 Cal.4th at 898–99. The California Supreme Court stated that:

> "a mandatory duty is created only when an enactment requires an act that is clearly defined and not left to the public entity's discretion or judgment. [Citation omitted.] Such an act is mandated only to the extent of the enactment's precise formulation. When the enactment leaves implementation to an exercise of discretion, 'lend[ing] itself to a normative or qualitative debate over whether [the duty] was adequately fulfilled,' an alleged failure in implementation will not give rise to liability."

*State Dept. of State Hospitals v. Superior Court*, 61 Cal.4th 339, 350 (2015).

Here, plaintiff only identified *Civil Code* § 51, which is addressed above. First, Civil Code § 51 does not apply to the County or its social workers because it is not a business establishment. Second, Civil Code § 51 does not impose any mandatory duty or require any obligation to perform a function—it is merely a

prohibition of discrimination against consumers based on protected classes. Therefore, the eighth claim must be dismissed.

## V.    CONCLUSION

Based on all the foregoing, each of all of Plaintiff's claims in the FAC fail to state plausible claims against the County and its social worker defendants, and the Defendants respectfully request that the Court grant this Motion and Dismiss the FAC without leave to amend.

DATED:  February 8, 2024                Koeller, Nebeker, Carlson & Haluck, LLP

                                        */s/ Zachary M. Schwartz*

                                        Zachary M. Schwartz, Esq.
                                        Attorneys for Defendants,,
                                        COUNTY OF ORANGE, PAULINA
                                        VELASQUEZ, ANDY NGUYEN,
                                        FRANCINA ANDERSON, ELIZABETH
                                        MOUA, BRITTANY CHAMBLESS,
                                        NORMA AVILA

004.639:482907v1

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA)
　　　　　　　　　　　　　)
COUNTY OF ORANGE   )

    I, Connie B. Reinglass, declare that:

    I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  3 Park Plaza, Suite 1500, Irvine, California 92614-8558.

    On **February 8, 2024**, I served the foregoing document, described **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT** on the interested parties in this action by placing ☐ the original ☐ a true copy in a separate sealed envelope addressed to the following addresses:

| | |
|---|---|
| Ashley Cornelia Schmitt<br>12913 Harbor Blvd., Ste. Q-3<br>Garden Grove, CA  92840<br><br>(562) 794-3536 | Plaintiff Pro Se |

    ☐   **BY E-MAIL**:  I caused the above-described document(s) to be transmitted to the offices of the interested parties at the e-mail addresses indicated.

    ☒   **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U. S. postal service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    ☐   **BY ELECTRONIC TRANSFER TO THE CM/ECF SYSTEM:**  On this date, I electronically uploaded a true and correct copy in Adobe "pdf" format the above listed document(s) to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system.  After the electronic filing of a document, service is deemed complete upon receipt of the Notice of Electronic Filing ("NEF") by the registered CM/ECF users.

    ☐   **BY EXPRESS MAIL OR "ANOTHER METHOD OF DELIVERY PROVIDING FOR OVERNIGHT DELIVERY":**  I deposited such envelope in a box or other facility regularly maintained by the express service carrier at Irvine, California.  The envelope was deposited with delivery fees provided for on a fully prepaid basis.

☐ **BY FACSIMILE TRANSMISSION:**  This document was transmitted by facsimile transmission and such transmission was reported as complete and without error.  The transmission report that was properly issued by the transmitting facsimile machine is attached to the conformed file copy of this document.

☐ **BY PERSONAL SERVICE:**  I caused such envelope(s) to be hand-delivered to the office(s) of the addressee(s).

I DECLARE under penalty of perjury under the laws of the United States that the above is true and correct.  I further declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **February 8, 2024**, at Irvine, California.

*/s/ Connie B. Reinglass*
_____
Connie B. Reinglass

004.639:482907v1

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT